# EXHIBIT A-2

FILED
TARRANT COUNTY
1/12/2022 3:45 PM
THOMAS A. WILDER
DISTRICT CLERK

NO. 348-331387-22

| | | |
|---|---|---|
| STEVEN J. SELIGMAN, AS | § | _____ DISTRICT COURT |
| ATTORNEY-IN-FACT FOR | § | |
| GLORIA SELIGMAN | § | |
| *Petitioner*, | § | |
| | § | OF |
| v. | § | |
| | § | |
| DAVID M. SELIGMAN, | § | |
| *Respondent*. | § | TARRANT COUNTY, TEXAS |

**ORIGINAL PETITION REQUESTING ORDER FOR STATUTORY ACCOUNTING, FOR BREACH OF FIDUCIARY DUTY, FRAUD, AND REMOVAL OF ATTORNEY-IN-FACT**

TO THE HONORABLE JUDGE OF SAID COURT:

Now Comes Steven J. Seligman, as Attorney-In-Fact for Gloria Seligman, who files this Original Petition Requesting Order For Statutory Accounting, For Breach Of Fiduciary Duty, Fraud, And Removal Of Attorney-In-Fact (the "**Original Petition**") against the Respondent, David M. Seligman, and who would show the Court as follows:

## A. DISCOVERY-CONTROL PLAN

1. Petitioner intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3 and affirmatively pleads that this suit is not governed by the expedited actions process in Texas Rule of Civil Procedure 169.

## B. RELIEF

2. Petitioner seeks monetary relief of $250,000 or less and nonmonetary relief.

## C. PARTIES

3. Steven J. Seligman, M.D., (hereinafter "**Steven**" or "**Petitioner**") is a Co-Attorney-In-Fact under the General Durable Power of Attorney (the "**POA**"), executed by Gloria Seligman on August 15, 2001, a copy of which is included herewith as **Exhibit A**. Steven is an individual and resident of Tarrant County, Texas. The last four digits of Petitioner's Texas Driver's License are 8539, and the last four digits of his Social Security Number are 0411.

4. David M. Seligman (hereinafter "**David**" or "**Respondent**") is a Co-Attorney-In-Fact under the POA. David is a resident of the State of Indiana and may be served with process at his primary residence, located at 13274 E. Letts Ln Carmel, Indiana 46074.

5. Gloria Seligman (hereinafter "**Gloria**" or "**Principal**") is a resident of Tarrant County, Texas. The last four digits of Gloria's Texas Driver's License are 1425, and the last four digits of her Social Security Number are 7002.

## D.  VENUE AND JURISDICTION

6. Venue is proper in Tarrant County, Texas pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code ("**TCPRC**"), as all or a substantial part of the events or omissions giving rise to the claim occurred in Tarrant County, Texas.

7. Damages sought are within the jurisdictional limit of the Court. Petitioner seeks non-monetary relief and actual damages in an amount within the jurisdictional limits of this Court. Petitioner reserves the right to amend this pleading and to seek additional damages.

8. Jurisdiction is proper in this Court pursuant to Section 751.001 of the Texas Estates Code, as Section 751.001(c) of the TEC provides that "court, after a hearing, may enter an order removing a person named and serving as an attorney in fact or agent under a durable power of attorney."

9. Jurisdiction over the Respondent is proper pursuant to Section 17.042(1) and (2) of the TCPRC because (1) Respondent previously contracted with a law firm located in Tarrant County, Texas to respond to Petitioner when Petitioner was attempting to amicably resolve this matter, and (2) Respondent committed a tort in the State of Texas by breaching his fiduciary duty to Gloria. Now, as this matter arose directly from David's actions and his contacts within the State of Texas, this Court has specific jurisdiction that complies with the notions of fair play and substantial justice.

## E.  FACTS

10. Steven and David are brothers and Gloria's biological children.  On or August 15, 2001, Gloria executed a General Durable Power of Attorney, appointing Steven and David as Co-Attorneys-In-Fact (the "**POA**").  A copy of the POA is included herewith as **Exhibit A**. Gloria does not have any other children.

11. David used to be a properly licensed Certified Public Accountant ("**CPA**").  As such, for years, David has independently managed Gloria's finances, functioned as her accountant, overseen her personal checking and savings accounts, managed her investments, and filed her federal taxes.

12. Gloria is currently Ninety-Five (95) years old.  In early 2021, it became apparent that for Gloria's own safety, it was time to move her into an assisted living facility.  A facility in Arlington, Texas was identified and selected.  Prior to that move, Gloria was living alone in her house in Beaumont, Texas.

13. Because Steven lives in Arlington, Texas, and David lives in Indiana, Steven took the lead in helping move Gloria to her new residence. Part of that process was planning for the financial implications of Gloria's new living facility.

14. While preparing for the move and the associated financial impact, in or about June 2021, Steven

contacted David to inquire about the status of Gloria's finances. Per Gloria's wishes and directions, her money – as managed by David – was to be used to pay the expenses of the new facility. However, David refused to provide any information to Steven regarding Gloria's finances.

15. After sending multiple requests to David asking for the status of Gloria's finances, Steven was forced to retain the services of the law office of Oldham Law, PLLC to assist in the process.

16. Thereafter, in June 2021, Steven requested that David, through his then attorneys (who are located in Fort Worth, Texas), provide an accounting of all actions David has taken under the POA. David did not provide any documentation in response.

17. As a result, Petitioner began to further investigate David's status as an accountant and licensed CPA. During that investigation, on or about June 14, 2021, it was first discovered that David's license to act as a CPA was listed as "Inactive" with the State of Indiana. David never informed Gloria or Steven that his license to act as a CPA was inactive. As of January 12, 2022, his license is still listed as "Inactive."

18. While the investigation into David's activities was beginning, Steven helped Gloria sell her house in Beaumont, Texas, and move into the new facility in Arlington, Texas.

19. Thereafter, because David has acted as Gloria's accountant for years, on June 21, 2021, Steven requested that David provide copies of all of Gloria's financial records. In doing so, specific requests were made for all of Gloria's (i) accounting records, including all records prepared by David while functioning as Gloria's accountant, meaning all accounting or other records (for example, contracts, agreements, tax returns, general ledgers, subsidiary journals, and supporting schedules) (ii) all supporting records (meaning information not reflected in Gloria's books and records that are otherwise not available to Gloria), (iii) yearly performance reports, and (iv) all of Gloria's federal tax returns from the last seven years. In doing so, specific reference was made to the applicable laws of Texas and Indiana that require an accountant to respond and provide the records mentioned above. *See* Indiana Code Section 25-2.1-14-3[1], and Texas Administrative Code Section 501.76.[2]

20. David did not provide any documents in response to the June 21, 2021, request.

21. Following additional discussions with David's then attorneys, it became clear that David was not going to provide the requested financial records.

22. Regardless, Petitioner made one final attempt to amicably gain access to the requested financial records. On or about October 12, 2021, Gloria executed a release and request for records, a copy of which is attached hereto as **<u>Exhibit B</u>**. That document was notarized and sent via email and Certified Mail to David on or about October 18, 2021. As of December 27, 2021, David has failed to provide any of the requested financial information.

---

[1] Indiana Code Section 25-2.1-14-3 states that a client's records shall, to the extent practicable, "be returned to a client not more than forty-five (45) days after a request is received."

[2] Texas Administrative Code Section 501.76 states that "A person shall return original client records to a client or former client within a reasonable time (promptly, not to exceed 10 business days) after the client or former client has made a request for those records".

23. Since that time, David has taken erratic behavior with Gloria's finances.  Based on the information gathered, it appears David has opened multiple new bank accounts in Gloria's name and transferred money in between existing accounts - without any notice or explanation being provided to Gloria.  This information was only discovered through standard notices that the associated financial institutions mailed to Gloria's residence.

24. Additionally, based on information and belief, Petitioner has a good faith belief that David has, on an annual basis, repeatedly paid himself cash payments from Gloria's accounts, without authorization or disclosure.  Further, Petitioner has a good faith belief that David has charged Gloria an annual fee (which is believed to be $9,800.00 per year) for serving as her CPA.

25. Finally, on November 11, 2021, David informed Steven that he would begin intentionally creating a "cash shortfall" in Gloria's bank account each month.  Specifically, the fee at Gloria's residence is approximately $5,600.00 per month.  However, David informed Steven that he would not transfer enough money - *from Gloria's accounts* - to the checking account utilized to pay for the facility.  This has resulted in Steven transferring funds from the sale of Gloria's house to cover the shortfall.  As such, David is effectively holding Gloria's finances hostages, as Gloria has repeatedly stated that the proceeds from the sale of her home in Beaumont were meant to be included in her estate for inheritance purposes, and not to be used for day-to-day expenses.

## F.  PETITION TO COMPEL ACCOUNTING

26. Steven adopts all factual allegations set forth above.

27. **Request for Accounting**.  On or about June 15, 2021, Steven requested that David, through his then attorneys, provide an accounting for all actions taken under the POA.

28. **Petition to Compel Accounting**.  Because David did not provide a proper accounting within 60 days of that June 15, 2021, request, Steven requests that the Court set a hearing and enter an order requiring a proper accounting to be made.

## G.  PETITION TO REMOVE ATTORNEY-IN-FACT

29. Steven adopts all factual allegations set forth above.

30. **Law Regarding Removal of Attorney-In-Fact**.  Under Chapter 753 of the Texas Estates Code, an agent may be removed by a court if the court finds that the agent (i) breached his fiduciary duties, (ii) materially violated or attempted to violate the terms of the durable power and the violation or attempted violation resulted in a material financial loss to the principal, (iii) is incapacitated or incapable of acting as an agent, or (iv) fails to provide a required accounting. *See* Section 753.001 of the Texas Estates Code.

31. If a court removes an agent under Section 753.001 of the Texas Estates Code, the court may authorize the appointment of the successor named in the power of attorney if the successor is willing to serve.  *See* Section 753.001(c) of the Texas Estates Code.

32. Here, David has breached his fiduciary duty to Gloria and failed to provide an accounting as

requested and required by law.

33. Accordingly, Petitioner requests that David be removed as an agent and Co-Attorney-In-Fact under the POA, and that Steven be appointed as the sole Attorney-In-Fact under the POA.

## H.  COUNT 1—BREACH OF FIDUCIARY DUTY

34. Steven adopts all factual allegations set forth above.

35. **Law Regarding an Attorney-In-Fact's Breach of Fiduciary Duties**.  A durable power of attorney is a written instrument that authorizes an agent to manage the principal's specified financial affairs. Under a durable power of attorney, the principal is the party who entrusts the management of his or her financial affairs to the attorney-in-fact.  In doing so, the attorney-in-fact becomes the principal's fiduciary.  Texas Estate Code § 751.101.  When the attorney-in-fact accepts a appointment under a durable power of attorney, he assumes all the duties of a fiduciary as a matter of law.  *See id.*  More specifically, an agent's fiduciary duties owed to the principal include the following:

- "A fiduciary owes his principal a **high duty of good faith, fair dealing, honest performance, and strict accountability**."  *Tex. Bank & Trust Co. v. Moore*, 595 S.W.2d 502, 508 (Tex. 1980) (*quoting Johnson v. Peckham*, 120 S.W.2d 786, 788 (Tex. 1938)).
- A fiduciary owes his principal the **duty of loyalty and the duty of care**.  *See* Karen E. Boxx, *The Durable Power of Attorney's Place in the Family of Fiduciary Relationships*, 36 Ga. L. Rev. 1, 17 (2001) ("Generally, fiduciary responsibilities are as follows: to refrain from intentionally exploiting the relationship for personal gain (the duty of loyalty), and to carry out the fiduciary actions competently and without negligence (the duty of care).").
- A fiduciary has a statutory **duty to inform and account**.  *See* Texas Estate Code § 751.102 and 751.104.
- A fiduciary owes his agent a duty to **fully disclose all material facts**.  *Bright v. Addison*, 171 S.W.3d 588, 597 (Tex. App. - Dallas 2005, pet. dism'd) (stating that fiduciary "has an affirmative duty to make full and accurate confession of all his fiduciary activities, transactions, profits, and mistakes" and a failure to do so is a breach of fiduciary duty).

36. David has a fiduciary relationship with Gloria pursuant to the POA.

37. David breached his fiduciary duty to Gloria by (i) failing to properly account for his actions taken under the POA; (ii) failing to provide the financial information and documentation when requested by either Steven or Gloria; (iii) failing to inform Gloria of his actions and transactions (e.g., opening new bank accounts, transferring Gloria's funds to different accounts, and making payments to himself out of Gloria's accounts).

38. David's breach of his fiduciary duty has injured Gloria by diminishing the value of Gloria's savings and investment accounts, forcing the proceeds of the sale of Gloria's house to be utilized to pay for her monthly living expenses, and resulting in this matter being brought before this Court.

39. **Damages and Disgorgement**. David's breach of fiduciary duty resulted in injury to Gloria and personal benefit to David. Petitioner seeks recovery of actual damages in an amount to be determined. Petitioner will plead more specific recovery upon receipt of a full and complete accounting.  It appears David acted with malice, intending to cause harm to Gloria.  Petitioner may also amend to request an award of exemplary damages under Chapter 41 of the Texas Civil Practice and Remedies Code.

40. **Constructive Trust**. To the extent David, including any agent acting on his behalf, has possession and/or legal title to property in his individual capacity which should belong to Gloria, Petitioner seeks a constructive trust on all such property in question as a remedy to compensate Gloria and to prevent the unjust enrichment of David at Gloria's expense. To the extent any of Gloria's assets are no longer in existence or are no longer in the possession and control of David or have been disposed of by David, Petitioner seeks damages payable to Gloria from David in an amount to be determined from the date of conveyance to the date of judgment.

## I.   COUNT 2—FRAUD

41. Steven adopts all factual allegations set forth above.

42. David has repeatedly made fraudulent representations to Gloria and Steven, to the effect that he is acting in Gloria's best interest and that Steven is trying to improperly gain access to Gloria's accounts. In fact, David has repeatedly utilized this statement to explain his refusal to account for his actions or provide any of the requested financial documentation.

43. David made these representations knowing they were false, and Gloria justifiably relied on those representations for years.

44. David's false representations directly and proximately caused injury to Gloria by diminishing the value of Gloria's savings and investment accounts, forcing the proceeds of the sale of Gloria's house to be utilized to pay for her monthly living expenses, and resulting in this matter being brought before this Court.

45. In the alternative to the other counts, David committed fraud by nondisclosure, by, among other actions, moving Gloria's cash inexplicably between accounts and financial institutions, providing annual "gifts" to himself, and opening unexplained new accounts.

46. David's fraudulent actions and representations resulted in injury to Gloria and personal benefit to David. Petitioner seeks recovery of actual damages in an amount to be determined. Petitioner will plead more specific recovery upon receipt of a full and complete accounting.  It appears David acted with malice, intending to cause harm to Gloria.  Petitioner may also amend to request an award of exemplary damages under Chapter 41 of the Texas Civil Practice and Remedies Code.

## J.  COUNT 3—CONVERSION

47. Steven adopts all factual allegations set forth above.

48. Gloria rightfully owns all the cash, associated investments accounts, and the client records that

are in David's possession pursuant to his services as Gloria's CPA.

49. David, who legally acquired possession of such property, wrongfully exercised dominion and control over such property by wrongfully exercising dominion and control over the property by using it in a way that departed from the conditions in which it was received. Specifically, David has refused to return Gloria's client records (as required by both Texas and Indiana law), refused to put Gloria's money into the designated account to pay for Gloria's living expenses, and utilized Gloria's money to make improper "gifts" to himself.

50. David's wrongful acts proximately caused injury to Gloria by diminishing the value of Gloria's savings and investment accounts, forcing the proceeds of the sale of Gloria's house to be utilized to pay for her monthly living expenses, and resulting in this matter being brought before this Court.

## K.  CONDITIONS PRECEDENT

51. All conditions precedent to Petitioner's claim for relief have been performed or have occurred.

## L. ATTORNEY'S FEES

52. Steven adopts all factual allegations set forth above.

53. Steven was forced to file this petition in order to obtain David's compliance with his statutory duties. Steven requests that all costs incurred by him and/or Gloria, including reasonable attorney's fees, be adjudged against David.

## M. PRAYER

**WHEREFORE**, Steven J. Seligman, as Attorney-In-Fact for Gloria Seligman requests that David M. Seligman be cited to appear and answer and that on hearing, the Court enter an order as follows:

1. Directing David M. Seligman to provide an accounting in compliance with Texas Estates Code Section 751.104;

2. Awarding actual damages and prejudgment and post-judgment interest against David M. Seligman, as allowed by law;

3. Declaring a Constructive Trust to the extent David M. Seligman, his agents or assigns have possession and/ or legal title to any property that should belong to Gloria Seligman;

4. Removing David M. Seligman from serving as a Co-Attorney-In-Fact under the POA, and appointing Steven J. Seligman as the sole Attorney-In-Fact under the POA;

5. Awarding Steven J. Seligman, as Attorney-In-Fact for Gloria Seligman, reasonable and necessary attorney's fees and costs incurred in compelling a proper accounting and removing David M. Seligman from serving as the Co-Attorney-In-Fact under the POA; and

6. Awarding Steven J. Seligman, as Attorney-In-Fact for Gloria Seligman, recovery of costs,

interest, and such other and further relief to which he may be justly entitled.

Respecfully submitted,

Oldham Law, PLLC

By: _____

State Bar No: 24077501
13101 Preston Road Ste. 110-1068
Dallas, Texas 75240
Tel: (214) 838-8400
Fax: (214) 702 - 4140
Email: harrison@oldhamlaw.net

Attorney for Petitioner

## GENERAL DURABLE POWER OF ATTORNEY

THE STATE OF TEXAS        §

COUNTY OF JEFFERSON  §

I, Gloria Seligman of Jefferson County, Texas, my Social Security Number being ▋▋▋, appoint Steven J. Seligman, M.D., of Tarrant County, Texas, and David M. Seligman, of Boone County, Indiana, my Co-Attorneys-in-Fact, but if either should die, become legally disabled, resign, or refuse to act, then I appoint the remaining one as my sole Attorney-in-Fact. When two or more Attorneys-in-Fact are serving hereunder, either Attorney-in-Fact shall have the power and authority to execute documents alone and without the necessity of joinder by the other. Any documents signed by only one of my Attorneys-in-Fact shall be binding upon me and my estate. All of my Attorneys-in-Fact shall have the right to exercise in my name and on my behalf the following powers:

1. To engage in real property transactions, with respect to any real estate, without further reference to a specific description of real property in this Power of Attorney;

2. To engage in personal property transactions;

3. To engage in stock and bond transactions;

4. To engage in commodity and option transactions;

5. To engage in banking and other financial institution transactions;

6. To engage in business operating transactions;

7. To engage in insurance and annuity transactions;

8. To engage in estate, trust, and other beneficiary transactions with respect to all matters that affect a trust, probate estate, guardianship, conservatorship,

For Identification: _GS_

-1-

MW/796196

escrow, custodianship, or other fund from which I am, may become, or claim to be entitled, as a beneficiary, to a share or payment;

9.    To act on my behalf with respect to claims and litigation;

10.    To act on my behalf with respect to personal and family maintenance;

11.    To act on my behalf with respect to benefits from certain governmental programs or civil or military service;

12.    To engage in all transactions relating to a retirement plan;

13.    To act on my behalf with respect to tax matters;

14.    To convey any and all assets of my estate (consisting of any property, real, personal or mixed, of whatever kind, wheresoever located and whensoever acquired) into such trust or trusts as my Attorney-in-Fact shall deem proper, irrespective of whether said trust is now in existence or hereinafter established, and my Attorney-in-Fact shall be empowered to create and transfer assets to a revocable management trust, on such terms as my Attorney-in-Fact shall deem to be in my best interest, and for my benefit, which will revert to my estate at my death on such terms as my agent shall deem to be in my best interest.

15.    To exercise any powers and any duties vested in me, whether solely or jointly, with any other or others as executor, administrator, or trustee or in any other fiduciary capacity so far as such power or duty is capable of validly being delegated; and

16.    To engage in and actively transact any and all lawful business of whatever nature or kind for me and in my name, and to do all other acts, deeds, matters and things whatsoever in or about my estate, property, and affairs, with persons jointly interested with myself therein in doing all acts, deeds, matters, and things herein, either particularly or generally described, as fully and effectually to all intents and purposes as I could do in my own person if personally present and competent.

My Attorney-in-Fact shall be empowered to make gifts of my estate to any or all of my descendants by transferring to those donees or trusts for their benefit cash, stocks, bonds, securities,

For Identification: _____

-2-

MW/296196

mineral interests, or any other property or interests of mine in property, as and when my Attorney-in-Fact may deem proper, and in amounts consistent with my current estate, and to withdraw funds from any trust where I am both a Grantor and a beneficiary for the purposes of making such gifts. For the purpose of making such gifts, my Attorney-in-Fact shall take into consideration the tax consequences of any gift or failure to make any gift, and the donee's respective needs. Nothing herein shall be construed to require any court action whatsoever prior to such gift, nor to restrict such gift to a situation in which it must be determined that I will remain incompetent for the rest of my lifetime. Notwithstanding the foregoing, my Attorney-in-Fact may not make gifts to anyone in any calendar year in excess of the then available maximum annual per donee gift tax exclusion as provided in Section 2503(b) of the Internal Revenue Code of 1986, as amended; provided, however, that the foregoing limitation shall not restrict my Attorney-in-Fact's authority to make gift transfers for educational expenses or medical expenses pursuant to Section 2503(e) of the Internal Revenue Code of 1986, as amended).

This instrument is intended to be and shall be construed as a statutory durable power of attorney pursuant to the Durable Power of Attorney Act, Chapter XII of the Texas Probate Code, as amended from time to time (the "Act"). This instrument does not authorize anyone to make medical and other health care decisions for me.

Each class of transaction over which I confer authority to my Attorney-in-Fact under sections 1-13 above shall be deemed to include all of the powers described within the section or sections of the Act applicable to that class of transactions and then in effect. By executing this instrument I

For Identification: _____

-3-

MW/Z 96196

confer general authority with respect to all classes of transactions listed above and empower my

Attorney-in-Fact for each such class of transactions to:

(a)     demand, receive, and obtain by litigation, action, or otherwise any money or other thing of value to which I may become, or may claim to be entitled;

(b)     conserve, invest, disburse, or use any money or other thing of value received on my behalf for the purposes intended;

(c)     contract in any manner with any person, on terms agreeable to my Attorney-in-Fact, to accomplish a purpose of a transaction and perform, rescind, reform, release, or modify the contract or another contract made by me or on my behalf;

(d)     execute, acknowledge, seal, and deliver a deed, revocation, mortgage, lease, notice, check, release, or other instrument the agent considers desirable to accomplish a purpose of a transaction;

(e)     prosecute, defend, submit to arbitration, settle, and propose or accept a compromise with respect to a claim existing in favor of or against the principal or intervene in an action or litigation relating to the claim;

(f)     seek on my behalf the assistance of a court to carry out an act authorized by this statutory durable power of attorney;

(g)     engage, compensate, and discharge an attorney, accountant, expert witness, or other assistant;

(h)     keep appropriate records of each transaction, including an accounting of receipts and disbursements;

(i)     prepare, execute, and file a record, report, or other document my Attorney-in-Fact considers necessary or desirable to safeguard or promote my interest under a statute or governmental regulation;

(j)     reimburse my Attorney-in-Fact or agent for expenditures made in exercising the powers granted by this statutory durable power of attorney; and

(k)     in general, do any other lawful act that I may do with respect to a transaction.

For Identification: _____

MW/296196

If any third party (including, but without limitation, stock transfer agents, title insurance companies, banks, credit unions, and savings and loan associations) with whom my attorney seeks to transact, refuses to recognize the authority of my Attorney-in-Fact to act on my behalf pursuant to this power of attorney, I authorize my Attorney-in-Fact to sue and recover from such third party all resulting damages, costs, expenses and attorneys' fees that are incurred because of such failure to act. The costs, expenses and attorneys' fees incurred in bringing such action shall be charged against my general assets, to the extent that they are not recovered from said third party.

This statutory durable Power of Attorney revokes any previous powers of attorney granted by me. This statutory durable Power of Attorney may be voluntarily revoked only by my written revocation entered of record in the offices of the County Clerk of Jefferson County, Texas.

This Power of Attorney is not affected by my subsequent disability or incapacity.

My Attorney-in-Fact shall not be obligated to furnish bond or other security.

My Attorney-in-Fact, and any successors, shall be entitled to no compensation for services rendered.

Any authority granted to my Attorney-in-Fact herein shall be limited so as to prevent this power of attorney from causing my Attorney-in-Fact to be taxed on my income and from causing my estate to be subject to a general power of appointment by my Attorney-in-Fact, as that term is defined in Section 2041 of the Internal Revenue Code, as the same may be amended from time to time.

I hereby ratify and confirm all that my Attorney-in-Fact, or any successors, shall lawfully do or cause to be done by virtue of this power of attorney and the rights and powers granted herein.

For Identification: _____

-5-

MW/296196

I hereby bind myself to indemnify my Attorney-in-Fact and any successor who shall so act against any and all claims, demands, losses, damages, actions and causes of action, including expenses, costs and reasonable attorneys' fees which my Attorney-in-Fact at any time may sustain or incur in connection with his carrying out the authority granted him in this power of attorney.

My death or divorce or the qualification of a guardian of my estate shall not revoke or terminate this agency as to the Attorney-in-Fact, agent or other person who, without actual knowledge of such event, acts in good faith under this power of attorney. Any action so taken, unless otherwise invalid or unenforceable, shall be binding upon me and my heirs, devisees, and personal representatives.

I agree that any third party who receives a copy of this document may act under it. Revocation of this durable power of attorney is not effective as to a third party until the third party receives actual notice of the revocation. With respect to all actions taken under this power of attorney, an affidavit executed by my Attorney-in-Fact stating that he did not have at the time of exercise of the power actual knowledge of the termination of the power by revocation, by my death, divorce, or by the qualification of a guardian of my estate, is conclusive proof as between my Attorney-in-Fact and any person other than myself or my personal representative of the non-revocation or non-termination of his power and authority to act under this instrument at that time. In addition, as to any and all acts performed under this instrument, an affidavit executed by my Attorney-in-Fact stating that I am disabled or incapacitated, shall be conclusive proof as between my Attorney-in-Fact and any person other than myself or my personal representative of my disability

For Identification: _____

-6-

MW/296196

or incapacity at that time. I agree to indemnify the third party for any claims that arise against the third party because of reliance on this power of attorney.

Pronouns, nouns, and terms as used in this Power of Attorney shall include the masculine, feminine, neuter, singular and plural forms whenever appropriate to the context.

EXECUTED at Beaumont, Jefferson County, Texas, this _15_ day of ___August___, 2001.


_Gloria Seligman_
Gloria Seligman


THE STATE OF TEXAS                §

COUNTY OF JEFFERSON          §

This instrument was acknowledged before me by Gloria Seligman, as principal on this _15th_ day of _August_____, 2001.




PAULA SMITH
Notary Public
STATE OF TEXAS
My Comm. Exp. 06-27-2004

_Paula Smith_
NOTARY PUBLIC, THE STATE OF TEXAS

MW/.96196

**DISCLOSURE STATEMENT**

**INFORMATION CONCERNING STATUTORY DURABLE
POWER OF ATTORNEY FOR PROPERTY TRANSACTIONS
FOR GLORIA SELIGMAN**

**THE POWERS GRANTED BY THIS DOCUMENT ARE BROAD AND SWEEPING.**
Except for the powers that you have crossed out, you are authorizing the person named as your agent (attorney-in-fact) full legal power and authority to act on your behalf by taking any and all actions relating to the indicated transactions. Accordingly, the person you appoint as agent should be someone you trust completely. If, for example, you give your agent the power to handle real property transactions on your behalf, your agent will be able to bind you on all of the actions set out in § 492 of the Texas Probate Code. A memorandum outlining and explaining the various powers that you can incorporate by reference into your power of appointment is attached hereto. In deciding whether you want your agent to have a particular power, **YOU SHOULD READ THE CORRESPONDING SECTION IN THE MEMORANDUM THAT EXPLAINS THAT POWER**. If you have any questions about this document, or about any of the statutory powers, you should address these questions to a member of Mehaffy & Weber, P.C., or to some other attorney of your choice. **YOU MAY REVOKE THIS POWER OF ATTORNEY AT ANY TIME IF YOU WISH TO DO SO.**

You may wish to designate an alternate agent in the event that your agent is unwilling, unable, or ineligible to act as your agent. Any alternate agent you designate will have the same authority to make property decisions for you. Even after you have signed this document, you have the right to make property decisions for yourself as long as you are able to do so.

This document does not authorize anyone to make medical or health care decisions for you. Such decisions can be made pursuant to a Medical Power of Attorney, if you have executed one.

Sign below to acknowledge your receipt of this disclosure statement prior to your execution of the Statutory Durable Power of Attorney, to affirm that **YOU HAVE BEEN GIVEN THE OPPORTUNITY (1) TO READ THE ATTACHED MEMORANDUM REGARDING THE STATUTORY DURABLE POWER OF ATTORNEY and (2) TO ASK ABOUT THE SCOPE OF ANY POWERS THAT YOU DO NOT FULLY UNDERSTAND.**

_Gloria Seligman_
Gloria Seligman

Date: _8-15-01_

MW/296196

# MEMORANDUM TO CLIENT ON THE
## STATUTORY DURABLE POWER OF ATTORNEY

Your Power of Attorney is governed by the Durable Power of Attorney Act (the "Act") found in Chapter 12 of the Texas Probate Code. The Act became effective on September 1, 1993. This memorandum is furnished to you as a supplemental explanation of the powers granted in your new Power of Attorney.

In the Power of Attorney you have authorized your Attorney-in-Fact to act on your behalf in various transactions and circumstances. Some of these transactions and circumstances are described by a single phrase (e.g. "real property transactions", "personal and family maintenance", etc...). These phrases are fully defined within the Act. By using these descriptive phrases we are able to incorporate into your power of attorney the precise language approved by the Texas Legislature while, at the same time, furnishing you with a more concise and readable document.

You should note that your Statutory Durable Power of Attorney does not authorize your Attorney-in-Fact to make medical or other health care decisions for you. If you wish to authorize someone to make medical and health care decisions on your behalf, you should discuss this matter with an attorney and consider the use of a Durable Power of Attorney for Health Care and/or a Directive to Physicians.

If you or your attorney-in-fact should have any questions with respect to the effect of the Power of Attorney you should contact an attorney for clarification before taking action.

MW/106823

The following paragraphs provided are a more complete explanation of the definitions adopted by the Texas Legislature relating to the powers and authority which may be granted in your Power of Attorney:

A.   POWERS GENERALLY.   The principal, by executing a statutory durable power of attorney that confers authority with respect to any class of transactions, empowers the attorney-in-fact or agent for that class of transactions to:

(1)   demand, receive, and obtain by litigation, action, or otherwise any money or other thing of value to which the principal is, may become, or may claim to be entitled;

(2)   conserve, invest, disburse, or use any money or other thing of value received on behalf of the principal for the purposes intended;

(3)   contract in any manner with any person, on terms agreeable to the attorney-in-fact or agent, to accomplish a purpose of a transaction and perform, rescind, reform, release, or modify the contract or another contract made by or on behalf of the principal;

(4)   execute, acknowledge, seal, and deliver a deed, revocation, mortgage, lease, notice, check, release, or other instrument the agent considers desirable to accomplish a purpose of a transaction;

(5)   prosecute, defend, submit to arbitration, settle, and propose or accept a compromise with respect to a claim existing in favor of or against the principal or intervene in an action or litigation relating to the claim;

(6)   seek on the principal's behalf the assistance of a court to carry out an act authorized by the power of attorney;

(7)   engage, compensate, and discharge an attorney, accountant, expert witness, or other assistant;

(8)   keep appropriate records of each transaction, including an accounting of receipts and disbursements;

(9)     prepare, execute, and file a record, report, or other document the attorney-in-fact or agent considers necessary or desirable to safeguard or promote the principal's interest under a statute or governmental regulation;

(10)    reimburse the attorney-in-fact or agent for expenditures made in exercising the powers granted by the durable power of attorney; and

(11)    in general, do any other lawful act that the principal may do with respect to a transaction.

B.    <u>REAL PROPERTY TRANSACTIONS</u>.  In a statutory durable power of attorney, the language conferring authority with respect to real property transactions empowers the attorney-in-fact or agent without further reference to a specific description of the real property to:

(1)     accept as a gift or as security for a loan or reject, demand, buy, lease, receive, or otherwise acquire an interest in real property or a right incident to real property;

(2)     sell, exchange, convey with or without covenants, quitclaim, release, surrender, mortgage, encumber, partition, consent to partitioning, subdivide, apply for zoning, rezoning, or other governmental permits, plat or consent to platting, develop, grant options concerning, lease or sublet, or otherwise dispose of an estate or interest in real property or a right incident to real property;

(3)     release, assign, satisfy, and enforce by litigation, action, or otherwise a mortgage, deed of trust, encumbrance, lien, or other claim to real property that exists or is claimed to exist;

(4)     do any act of management or of conservation with respect to an interest in real property, or a right incident to real property, owned or claimed to be owned by the principal, including power to:

    (A)     insure against a casualty, liability, or loss;

    (B)     obtain or regain possession or protect the interest or right by litigation, action, or otherwise;

    (C)     pay, compromise, or contest taxes or assessments or apply for and receive refunds in connection with them;

       (D)     purchase supplies, hire assistance or labor, or make repairs or alterations in the real property; and

       (E)     manage and supervise an interest in real property, including the mineral estate, by, for example, entering into a lease for oil, gas, and mineral purposes, making contracts for development of the mineral estate, or making pooling and unitization agreements;

(5)     use, develop, alter, replace, remove, erect, or install structures or other improvements on real property in which the principal has or claims to have an estate, interest, or right;

(6)     participate in a reorganization with respect to real property or a legal entity that owns an interest in or right incident to real property, receive and hold shares of stock or obligations received in a plan or reorganization, and act with respect to the shares or obligations, including:

       (A)     selling or otherwise disposing of the shares or obligations;

       (B)     exercising or selling an option, conversion, or similar right with respect to the shares or obligations; and

       (C)     voting the shares or obligations in person or by proxy;

(7)     change the form of title of an interest in or right incident to real property; and

(8)     dedicate easements or other real property in which the principal has or claims to have an interest to public use, with or without consideration.

C.     <u>TANGIBLE PERSONAL PROPERTY TRANSACTIONS</u>.  In a statutory durable power of attorney, the language conferring general authority with respect to tangible personal property transactions empowers the attorney-in-fact or agent to:

(1)     accept as a gift or as security for a loan, reject, demand, buy, receive, or otherwise acquire ownership or possession of tangible personal property or an interest in tangible personal property;

(2)     sell, exchange, convey with or without covenants, release, surrender, mortgage, encumber, pledge, hypothecate, create a security interest in, pawn,

grant options concerning, lease or sublet to others, or otherwise dispose of tangible personal property or an interest in tangible personal property;

(3) release, assign, satisfy, or enforce by litigation, action, or otherwise a mortgage, security interest, encumbrance, lien, or other claim on behalf of the principal, with respect to tangible personal property or an interest in tangible personal property; and

(4) do an act of management or conservation with respect to tangible personal property or an interest in tangible personal property on behalf of the principal, including:

    (A) insuring against casualty, liability, or loss;

    (B) obtaining or regaining possession or protecting the property or interest by litigation, action, or otherwise;

    (C) paying, compromising, or contesting taxes or assessments or applying for and receiving refunds in connection with taxes or assessments;

    (D) moving from place to place;

    (E) storing for hire or on a gratuitous bailment; and

    (F) using, altering, and making repairs or alterations.

D.    <u>STOCK AND BOND TRANSACTIONS</u>.  In a statutory durable power of attorney, the language conferring authority with respect to stock and bond transactions empowers the attorney-in-fact or agent to buy, sell, and exchange stocks, bonds, mutual funds, and all other types of securities and financial instruments other than commodity futures contracts and call and put options on stocks and stock indexes, receive certificates and other evidences of ownership with respect to securities, exercise voting rights with respect to securities in person or by proxy, enter into voting trusts, and consent to limitations on the right to vote.

      E.      <u>COMMODITY AND OPTION TRANSACTIONS</u>.  In a statutory durable power of attorney, the language conferring authority with respect to commodity and option transactions empowers the attorney-in-fact or agent to buy, sell, exchange, assign, settle, and exercise commodity futures contracts and call and put options on stocks and stock indexes traded on a regulated options exchange and establish, continue, modify, or terminate option accounts with a broker.

      F.      <u>BANKING AND OTHER FINANCIAL INSTITUTION TRANSACTIONS</u>. In a statutory durable power of attorney, the language conferring authority with respect to banking and other financial institution transactions empowers the attorney-in-fact or agent to:

    (1)    continue, modify, or terminate an account or other banking arrangement made by or on behalf of the principal;

    (2)    establish, modify, or terminate an account or other banking arrangement with a bank, trust company, savings and loan association, credit union, thrift company, brokerage firm, or other financial institution selected by the attorney-in-fact or agent;

    (3)    hire a safe deposit box or space in a vault;

    (4)    contract to procure other services available from a financial institution as the attorney-in-fact or agent considers desirable;

    (5)    withdraw by check, order, or otherwise money or property of the principal deposited with or left in the custody of a financial institution;

    (6)    receive bank statements, vouchers, notices, or similar documents from a financial institution and act with respect to them;

    (7)    enter a safe deposit box or vault and withdraw or add to the contents;

    (8)    borrow money at an interest rate agreeable to the attorney-in-fact or agent and pledge as security real or personal property of the principal necessary to borrow, pay, renew, or extend the time of payment of a debt of the principal;

(9)     make, assign, draw, endorse, discount, guarantee, and negotiate promissory notes, bills of exchange, checks, drafts, or other negotiable or nonnegotiable paper of the principal, or payable to the principal or the principal's order, to receive the cash or other proceeds of those transactions, to accept a draft drawn by a person on the principal, and to pay the principal when due;

(10)    receive for the principal and act on a sight draft, warehouse receipt, or other negotiable or nonnegotiable instrument;

(11)    apply for and receive letters of credit, credit cards, and traveler's checks from a financial institution and give an indemnity or other agreement in connection with letters of credit; and

(12)    consent to an extension of the time of payment with respect to commercial paper or a financial transaction with a financial institution.


G.    <u>BUSINESS OPERATING TRANSACTIONS</u>.  In a statutory durable power of attorney, the language conferring authority with respect to business operating transactions empowers the attorney-in-fact or agent to:

(1)    operate, buy, sell, enlarge, reduce, or terminate a business interest;

(2)    to the extent that an agent is permitted by law to act for a principal and subject to the terms of the partnership agreement:

    (A)    perform a duty or discharge a liability or exercise a right, power, privilege, or option that the principal has, may have, or claims to have under a partnership agreement, whether or not the principal is a general or limited partner;

    (B)    enforce the terms of a partnership agreement by litigation, action, or otherwise; and

    (C)    defend, submit to arbitration, settle, or compromise litigation or an action to which the principal is a party because of membership in the partnership;

(3)    exercise in person or by proxy or enforce by litigation, action, or otherwise a right, power, privilege, or option the principal has or claims to have as the

holder of a bond, share, or other instrument of similar character and defend, submit to arbitration, settle, or compromise a legal proceeding to which the principal is a party because of a bond, share, or similar instrument;

(4)   with respect to a business owned solely by the principal:

    (A)   continue, modify, renegotiate, extend, and terminate a contract made with an individual or a legal entity, firm, association, or corporation by or on behalf of the principal with respect to the business before execution of the power of attorney;

    (B)   determine:

        (i)   the location of its operation;

        (ii)   the nature and extent of its business;

        (iii)   the methods of manufacturing, selling, merchandising, financing, accounting, and advertising employed in its operation;

        (iv)   the amount and types of insurance carried; and

        (v)   the mode of engaging, compensating, and dealing with its accountants, attorneys, and other agents and employees;

    (C)   change the name or form of organization under which the business is operated and enter into a partnership agreement with other persons or organize a corporation to take over all or part of the operation of the business; and

    (D)   demand and receive money due or claimed by the principal or on the principal's behalf in the operation of the business and control and disburse the money in the operation of the business;

(5)   put additional capital into a business in which the principal has an interest;

(6)   join in a plan of reorganization, consolidation, or merger of the business;

(7)    sell or liquidate a business or part of it at the time and on the terms that the attorney in fact or agent considers desirable;

(8)    establish the value of a business under a buy-out agreement to which the principal is a party;

(9)    prepare, sign, file, and deliver reports, compilations of information, returns, or other papers with respect to a business that are required by a governmental agency, department, or instrumentality or that the attorney in fact or agent considers desirable and make related payments; and

(10)    pay, compromise, or contest taxes or assessments and do any other act that the attorney in fact or agent considers desirable to protect the principal from illegal or unnecessary taxation, fines, penalties, or assessments with respect to a business, including attempts to recover, in any manner permitted by law, money paid before or after the execution of the power of attorney.

H.    INSURANCE TRANSACTIONS.  In a statutory durable power of attorney, the language conferring authority with respect to insurance and annuity transactions empowers the attorney-in-fact or agent to:

(1)    continue, pay the premium or assessment on, modify, rescind, release, or terminate a contract procured by or on behalf of the principal that insures or provides an annuity to either the principal or another person, whether or not the principal is a beneficiary under the contract;

(2)    procure new, different, or additional contracts of insurance and annuities for the principal or the principal's spouse, children, and other dependents and select the amount, type of insurance or annuity, and mode of payment;

(3)    pay the premium or assessment on or modify, rescind, release, or terminate a contract of insurance or annuity procured by the attorney in fact or agent;

(4)    designate the beneficiary of the contract, except that an attorney in fact or agent may be named a beneficiary of the contract or an extension, renewal, or substitute for the contract only to the extent the attorney in fact or agent was named as a beneficiary under a contract procured by the principal before executing the power of attorney;

(5)     apply for and receive a loan on the security of the contract of insurance or annuity;

(6)     surrender and receive the cash surrender value;

(7)     exercise an election;

(8)     change the manner of paying premiums;

(9)     change or convert the type of insurance contract or annuity with respect to which the principal has or claims to have a power described in this section;

(10)    change the beneficiary of a contract of insurance or annuity, except that the attorney in fact or agent may be designated a beneficiary only to the extent authorized by Subdivision (4) of this section;

(11)    apply for and procure government aid to guarantee or pay premiums of a contract of insurance on the life of the principal;

(12)    collect, sell, assign, hypothecate, borrow on, or pledge the interest of the principal in a contract of insurance or annuity; and

(13)    pay from proceeds or otherwise, compromise or contest, or apply for refunds in connection with a tax or assessment levied by a taxing authority with respect to a contract of insurance or annuity or its proceeds or liability accruing because of the tax or assessment.

I.      <u>ESTATE, TRUST, AND OTHER BENEFICIARY TRANSACTIONS</u>. In a statutory durable power of attorney, the language conferring authority with respect to estate, trust, and other beneficiary transactions empowers the attorney-in-fact or agent to act for the principal in all matters that affect a trust, probate estate, guardianship, conservatorship, escrow, custodianship, or other fund from which the principal is, may become, or claims to be entitled, as a beneficiary, to a share or payment, including to:

(1)     accept, reject, disclaim, receive, receipt for, sell, assign, release, pledge, exchange, or consent to a reduction in or modification of a share in or payment from the fund;

(2)     demand or obtain by litigation, action, or otherwise money or any other thing of value to which the principal is, may become, or claims to be entitled because of the fund;

(3)     initiate, participate in, or oppose a legal or judicial proceeding to ascertain the meaning, validity, or effect of a deed, will, declaration of trust, or other instrument or transaction affecting the interest of the principal;

(4)     initiate, participate in, or oppose a legal or judicial proceeding to remove, substitute, or surcharge a fiduciary;

(5)     conserve, invest, disburse, or use anything received for an authorized purpose; and

(6)     transfer all or part of an interest of the principal in real property, stocks, bonds, accounts with financial institutions, insurance, and other property to the trustee of a revocable trust created by the principal as settlor.

J.     CLAIMS AND LITIGATION. In a statutory durable power of attorney the language conferring general authority with respect to claims and litigation empowers the attorney-in-fact or agent to:

(1)     assert and prosecute before a court or administrative agency a claim, a claim for relief, a counterclaim, or an offset or defend against an individual, a legal entity, or a government, including suits to recover property or other thing of value, to recover damages sustained by the principal, to eliminate or modify tax liability, or to seek an injunction, specific performance, or other relief;

(2)     bring an action to determine adverse claims, intervene in an action or litigation, and act as amicus curiae;

(3)     in connection with an action or litigation, procure an attachment, garnishment, libel, order of arrest, or other preliminary, provisional, or intermediate relief and use an available procedure to effect or satisfy a judgment, order, or decree;

(4)     in connection with an action or litigation, perform any lawful act the principal could perform, including acceptance of tender, offer of judgment, admission of facts, submission of a controversy on an agreed statement of facts, consent to examination before trial, and binding of the principal in litigation;

MW/106823                                    -11-

(5)     submit to arbitration, settle, and propose or accept a compromise with respect to a claim or litigation;

(6)     waive the issuance and service of process on the principal, accept service of process, appear for the principal, designate persons on whom process directed to the principal may be served, execute and file or deliver stipulations on the principal's behalf, verify pleadings, seek appellate review, procure and give surety and indemnity bonds, contract and pay for the preparation and printing of records and briefs, or receive and execute and file or deliver a consent, waiver, release, confession of judgment, satisfaction of judgment, notice, agreement, or other instrument in connection with the prosecution, settlement, or defense of a claim or litigation;

(7)     act for the principal with respect to bankruptcy or insolvency proceedings, whether voluntary or involuntary, concerning the principal or some other person, with respect to a reorganization proceeding or a receivership or application for the appointment of a receiver or trustee that affects an interest of the principal in real or personal property or other thing of value; and

(8)     pay a judgment against the principal or a settlement made in connection with a claim or litigation and receive and conserve money or other thing of value paid in settlement of or as proceeds of a claim or litigation.

K.     PERSONAL AND FAMILY MAINTENANCE. In a statutory durable power of attorney, the language conferring authority with respect to personal and family maintenance empowers the attorney-in-fact or agent to:

(1)     perform the acts necessary to maintain the customary standard of living of the principal, the principal's spouse and children, and other individuals customarily or legally entitled to be supported by the principal, including providing living quarters by purchase, lease, or other contract, or paying the operating costs, including interest, amortization payments, repairs, and taxes on premises owned by the principal and occupied by those individuals;

(2)     provide for the individuals described by Subdivision (1) of this section normal domestic help, usual vacations and travel expenses, and funds for shelter, clothing, food, appropriate education, and other current living costs;

(3)     pay necessary medical, dental, and surgical care, hospitalization, and custodial care for the individuals described by Subdivision (1) of this section;

MW/106823                                    -12-

(4)     continue any provision made by the principal, for the individuals described by Subdivision (1) of this section, for automobiles or other means of transportation, including registering, licensing, insuring, and replacing the automobiles or other means of transportation;

(5)     maintain or open charge accounts for the convenience of the individuals described by Subdivision (1) of this section and open new accounts the attorney in fact or agent considers desirable to accomplish a lawful purpose; and

(6)     continue payments incidental to the membership or affiliation of the principal in a church, club, society, order, or other organization or to continue contributions to those organizations.


L.     BENEFITS FROM CERTAIN GOVERNMENTAL PROGRAMS OR CIVIL OR MILITARY SERVICE. In a statutory durable power of attorney, the language conferring authority with respect to benefits from social security, Medicare, Medicaid, or other governmental programs or civil or military service empowers the attorney-in-fact or agent to:

(1)     execute vouchers in the name of the principal for allowances and reimbursements payable by the United States, a foreign government, or a state or subdivision of a state to the principal, including allowances and reimbursements for transportation of the individuals described by Section 501(1) of this code, and for shipment of their household effects;

(2)     take possession and order the removal and shipment of property of the principal from a post, warehouse, depot, dock, or other place of storage or safekeeping, either governmental or private, and execute and deliver a release, voucher, receipt, bill of lading, shipping ticket, certificate, or other instrument for that purpose;

(3)     prepare, file, and prosecute a claim of the principal to a benefit or assistance, financial or otherwise, to which the principal claims to be entitled under a statute or governmental regulation;

(4)     prosecute, defend, submit to arbitration, settle, and propose or accept a compromise with respect to any benefits the principal may be entitled to receive; and

(5)    receive the financial proceeds of a claim of the type described in this section and conserve, invest, disburse, or use anything received for a lawful purpose.

M.    RETIREMENT PLAN TRANSACTIONS.  In a statutory durable power of attorney, the language conferring authority with respect to retirement plan transactions empowers the attorney-in-fact or agent to do any lawful act the principal  may do with respect to a transaction relating to a retirement plan, including to:

(1)    apply for service or disability retirement benefits;

(2)    select payment options under any retirement plan in which the principal participates, including plans for self-employed individuals;

(3)    designate or change the designation of a beneficiary or benefits payable by a retirement plan, except that an attorney in fact or agent may be named a beneficiary only to the extent the attorney in fact or agent was a named beneficiary under the retirement plan before the durable power of attorney was executed;

(4)    make voluntary contributions to retirement plans if authorized by the plan;

(5)    exercise the investment powers available under any self-directed retirement plan;

(6)    make "rollovers" of plan benefits into other retirement plans;

(7)    borrow from, sell assets to, and purchase assets from retirement plans if authorized by the plan;

(8)    waive the right of the principal to be a beneficiary of a joint or survivor annuity if the principal is a spouse who is not employed;

(9)    receive, endorse, and cash payments from a retirement plan;

(10)    waive the right of the principal to receive all or a portion of benefits payable by a retirement plan; and

(11)    request and receive information relating to the principal from retirement plan records.

In this section, retirement plan means: (1) an employee pension benefit plan as defined by Section 1002, Employee Retirement Income Security Act of 1974 (ERISA) (29 U.S.C. Section 1002), without regard to the provisions of Section (2)(B) of that section; (2) a plan that does not meet the definition of an employee benefit plan under ERISA because the plan does not cover common law employees; (3) a plan that is similar to an employee benefit plan under ERISA, regardless of whether it is covered by Title I of ERISA, including a plan that provides death benefits to the beneficiary of employees; and (4) an individual retirement account or annuity or a self-employed pension plan or similar plan or account.

N.    <u>TAX MATTERS</u>.  In a statutory durable power of attorney, the language conferring authority with respect to tax matters empowers the attorney-in-fact or agent to:

(1)    prepare, sign, and file federal, state, local, and foreign income, gift, payroll, Federal Insurance Contributions Act, and other tax returns, claims for refunds, requests for extension of time, petitions regarding tax matters, and any other tax-related documents, including receipts, offers, waivers, consents, including consents and agreements under Section 2032A, Internal Revenue Code of 1986 (26 U.S.C. Section 2032A), closing agreements, and any power of attorney form required by the Internal Revenue Service or other taxing authority with respect to a tax year on which the statute of limitations has not run and 25 tax years following that tax year;

(2)    pay taxes due, collect refunds, post bonds, receive confidential information, and contest deficiencies determined by the Internal Revenue Service or other taxing authority;

(3)    exercise any election available to the principal under federal, state, local, or foreign tax law; and

(4)    act for the principal in all tax matters for all periods before the Internal Revenue Service and any other taxing authority.

O.    <u>EXISTING INTEREST; FOREIGN INTERESTS</u>.  The powers described above in paragraphs B. through N. may be exercised equally with respect to an interest the principal has at the time the durable power of attorney is executed or acquires later, whether or not the property is located in Texas and whether or not the powers are exercised or the durable power of attorney is executed in Texas.

# OLDHAM LAW, PLLC

M a k i n g   B u s i n e s s   H a p p e n

October 12, 2021

SENT VIA EMAIL AND CERTIFIED MAIL RRR:  7020 2450 0000 8827 8481

David M. Seligman                                    348-331387-22
13274 E. Letts Ln
Carmel, IN 46074
dmseligman@gmail.com

Seligman Financial Strategies, LLC
13274 E Letts Lane
Carmel, IN 46074

Re: My Financial Records

David,

Please provide me with a copy of all my client records and financial records that are in your possession, and/or the possession of Seligman Financial Strategies, LLC. To be clear, when I say "all", I mean that I would like a copy of everything that you have related to my taxes and finances, in accordance with the following:

- A copy of all my "client provided records", "client records prepared by licensee", and "supporting records", as more fully described in Indiana Code 25-2.1-14-3, from the last seven (7) years;

- All bank statements and account statements for all of my accounts and investments, regardless of financial institution, from the last seven (7) years;

- All state and federal tax related documents, including any return, income tax return, claim for refund, schedule, affidavit, appraisal, or any other document that you have prepared or received on my behalf for calendar years 2018, 2019, and 2020;

- Any contracts or agreements that I have with you and/or Seligman Financial Strategies, LLC, specifically including, but not limited to, any contract or agreement allowing or authorizing you to manage, monitor, or oversee my finances, accounts, investment accounts, etc.

I am requesting that you provide all the records described above, regardless of whether you have been acting as a CPA, or as a son managing his mother's finances. I would appreciate if



Page 2

you would provide the requested records within ten (10) days of the date of this letter. Please email them Harrison Oldham at harrison@oldhamlaw.net, and mail them to me.

Thank you.

*Gloria Seligman*

Gloria Seligman

State of Texas

County of Tarrant

Before me, _____*Lin Zabojnik*_____ (Notary Public's name), on this day personally appeared Gloria Seligman, known to me (or proved to me on the oath of or through _____*photo id*_____ (description of identity card or other document) to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that she executed the same for the purposes therein expressed.

Given under my hand and seal of office this ____*13*____ day of October 2021.

_____
Notary Public's Signature

(Seal)

LIN ZABOJNIK
My Notary ID # 6140632
Expires February 21, 2025

# CIVIL CASE INFORMATION SHEET

**CAUSE NUMBER** *(FOR CLERK USE ONLY):* 348-331387-22      **COURT** *(FOR CLERK USE ONLY):* _____

**STYLED** Steven J. Seligman, as Attorney-In-Fact for Gloria Seligman v. David M. Seligman

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| **Name:**<br>Harrison Oldham | **Email:**<br>harrison@oldhamlaw.net | **Plaintiff(s)/Petitioner(s):**<br>Steven J. Seligman, as Attorney-In-<br>Fact for Gloria Seligman | ☑ Attorney for Plaintiff/Petitioner<br>☐ *Pro Se* Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: _____ |
| **Address:**<br>13101 Preston Rd. ste 110-1068 | **Telephone:**<br>214-838-8400 | | **Additional Parties in Child Support Case:**<br><br>Custodial Parent: |
| **City/State/Zip:**<br>Dallas, TX 75240 | **Fax:**<br>214-702-4140 | **Defendant(s)/Respondent(s):**<br>David. M. Seligman | _____<br><br>Non-Custodial Parent: |
| **Signature:**<br>*/s/ Harrison Oldham* | **State Bar No:**<br>24077501 | _____<br>[Attach additional page as necessary to list all parties] | _____<br><br>Presumed Father:<br>_____ |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☑ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br>_____<br><br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract:<br>_____ | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional<br>  Liability:<br>_____<br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability<br>  List Product:<br>_____<br>☐ Other Injury or Damage:<br>_____ | ☐ Eminent Domain/<br>  Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br>_____ | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other |
| | | | | **Title IV-D** |
| | | | | ☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order |
| | | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
| | | ☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—<br>  Pre-indictment<br>☐ Other: _____ | ☐ Enforce Foreign<br>  Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities<br>  of Minority<br>☐ Other: _____ | ☐ Adoption/Adoption with<br>  Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental<br>  Rights<br>☐ Other Parent-Child:<br>_____ |
| **Employment** | **Other Civil** | | | |
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment:<br>_____ | ☐ Administrative Appeal<br>☐ Antitrust/Unfair<br>  Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: _____ | | |
| **Tax** | **Probate & Mental Health** | | | |
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: _____ | | |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1)*:

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

**4. Indicate damages sought** *(do not select if it is a family law case)*:

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☑ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Print Form

Rev 2/13